No. 22—2418. Galloway v. Lewis. On October 30, 1883, appellant, James B. Galloway, as the agent of one Mrs. Phillips, filled out and signed a distress warrant in her name against Edward L. Day and delivered it to appellant, John McLinden, a constable, to take Day's goods. The same day McLinden went to the house where Day was stopping and demanded from Mrs. Day payment for the rent mentioned in the warrant.

He then commenced to take the furniture of appellee. Appellee told him it was her furniture, and he laughed and said he knew all about those tricks, and kept on taking the furniture. She hung on to his arm and wanted to show him the bills, and he pushed her to one side. She told him if he would wait, she would get the bill and show him, but he would not listen. McLinden said that Galloway would see about it, and the following day she went to the office of Galloway and handed him the following letter: "James B. Galloway—Dear Sir: On Tuesday, Oct. 30th, one John McLinden, claiming to act for you, came to my room, 352 Park avenue, Chicago, and by force seized and carried away five hair-cloth upholstered chairs and one upholstered sofa belonging to me. I desire to know if his acts are authorized by you? If so, I notify you that you must return said goods at once, and I shall hold you responsible for such acts. Mrs. Mary J. Lewis." After reading the letter, Galloway said to appellee: "I did not authorize him to take your furniture." The furniture was not returned to appellee, but was afterward sold by the constable under direction of Galloway, who bought it in and shipped it to Milwaukee. The furniture taken was worth fifty or sixty dollars. An action of trespass was brought by appellee against appellants the day after the furniture was taken, but it was afterward dismissed, and on Dec. 18, 1884, this suit was brought. The case was tried and there was a verdict against the appellants for $300 damages, and from the judgment entered on such verdict appellants appeal to this court. Galloway proceeded at his peril after he was informed that the goods were appellee's, and the legal consequence of his act was to ratify and approve all that the officer had done in taking the goods. There was a basis in the evidence for the assessment of punitive damages, and an appellate court can not interfere with the verdict unless it is so excessive as to show passion or prejudice on the part of the jury. Affirmed. Opinion PER CURIAM. Judge below, RICHARD PRENDERGAST. Attorneys, for appellants, Mr. JAMES B. GALLOWAY; for appellee, Mr. E. A. SHERBURNE. Opinion filed Oct. 27, 1886.